

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**12/17/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| **F. JOSEPH MORRISON; aka MORRISON** | § | **Case No. 05-45926** |
| **UNLIMITED; aka RELIEF PHYSICIANS** | § | |
| **OF TEXAS**, *et al*, | § | |
| Debtor(s). | § | |
| | § | **Chapter 7** |
| | § | |
| **F. JOSEPH MORRISON**, *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **Adversary No. 08-03260** |
| | § | |
| **AMWAY CORPORATION, ET AL**, *et al*, | § | |
| Defendant(s). | § | **Judge Isgur** |

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

For the reasons set forth below, the Court denies the motion to dismiss[1] filed by Defendants Randy Haugen, individually and d/b/a Freedom Associates, Inc., Freedom Tools, Inc., and All Star Production Co. ("Haugen"); John Sims, individually and d/b/a Sims Enterprises ("Sims"); and Don Wilson, individually and d/b/a Wow International and Wilson Enterprises, Inc. ("Wilson") (collectively "Defendants") (docket no. 96).

### *Procedural Background*[2]

Plaintiffs filed an original complaint and an amended complaint on July 21, 2008 (docket no. 1) and July 27, 2009 (docket no. 75) respectively. Defendants answered the original complaint on October 27, 2008 (docket no. 22) before filing the present motion to dismiss the

---

[1] The present motion to dismiss was filed as a motion to join in a separate motion to dismiss that was filed by other defendants, which included Amway Corporation ("Amway"), Dexter Yager, Jeff Yager, Internet Services Corporation, Yager Enterprises, Jody Victor, and the Independent Business Owners Association International ("IBOAI").

[2] The Court issued an October 26, 2009 memorandum opinion (docket no. 104) that contained a full discussion of the general background, procedural background and summary of this adversary proceeding. The Court incorporates that discussion here.

amended complaint on October 2, 2009 (docket no. 96).  In it, Defendants assert for the first time the failure to state a claim defense, particularly with respect to Plaintiffs' fraud claims. Defendants subsequently filed an answer to the amended complaint on November 6, 2009 (docket no. 120), which reasserts the defense.

### *The Complaints*

On December 8, 2008, the Court ordered Plaintiffs to file an amended complaint that addressed standing, Rule 8, Rule 9 and personal jurisdiction issues.  Plaintiffs' original complaint was insufficient with respect to those issues as to all defendants.

With respect to each of the Defendants, Plaintiffs' amended complaint added new and specific fraud allegations.  Unlike the original complaint wherein Plaintiffs only generally asserted fraud, Plaintiffs' amended complaint particularly outlined:  (1) each of the Defendants' positions with the Amway Distributor's Association ("ADA"), IBOAI's predecessor; and (2) how each of the Defendants were part of Amway's alleged fraudulent arbitration scheme as officers of the ADA.

The issues considered in this Memorandum Opinion are whether Defendants' motion to dismiss was timely filed and whether Plaintiffs' amended fraud claims meet the requirements of Rule 9(b).

### *Jurisdiction*

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334.  Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### *Analysis*

The failure to state a claim defense "*must* be asserted in the responsive pleading if one is required."  FED. R. BANKR. P. 7012(b) (emphasis supplied).  However, the defense *may* also be

asserted through other ways: (1) a motion to dismiss under Rule 12(b)(6); (2) a motion for judgment on the pleadings under Rule 12(c); or (3) at trial.  FED. R. BANKR. P. 7012(b)(6); FED. R. BANKR. P. 7012(d); FED. R. BANKR. P. 7012(h)(2).

**1.  Untimeliness**

      If the defense is asserted in a motion to dismiss under Rule 12(b)(6), the motion must be lodged before an answer.  FED. R. BANKR. P. 7012(b) ("A [Rule 12(b)(6) motion  . . . must be made before pleading if a responsive pleading is allowed."); FED. R. BANKR. P. 7007(a) (listing an answer to a complaint as an allowed pleading); FED. R. BANKR. P. 7012(a) (requiring an answer to a complaint).  Otherwise, a post-answer motion to dismiss for failure to state a claim would be untimely.  *See S. Pac. Transp. Co. v. Nat'l Molasses Co.*, 540 F.2d 213 (5th Cir. 1976). *Accord Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988); *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976).

      However, the right to assert the defense in a motion to dismiss may be "revived" after an amendment to a complaint.  "[I]f the amended complaint . . . contains new matter, the defendant may bring a second motion under Rule 12[b] to object to the new allegations only."  *Sears Petrol. & Transport Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003).  *See also Keefe v. Derounian*, 6 F.R.D. 11, 13 (N.D. Ill. 1946) ("[I] f the amendment to the complaint contains new matter, which, had it originally been in the complaint, would have allowed the defendant to object by motion, the defendant's right to object by motion to the complaint as amended cannot have been waived by any prior motion"); *Smith v. Nicholson Universal S.S. Co.*, 42 F. Supp. 1001, 1001 (W.D.N.Y. 1941).  In other words, the new matter gives rise to the defense that did not exist prior to the amendment.  As a result, the newly available defense is

allowed to be brought by a motion to dismiss.  *See* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. 2004).

Conversely, if the defense previously existed but was not asserted timely, then the right to bring it by a motion to dismiss is not "revived" by mere amendment.  5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1388 (3d ed. 2004).  *See also Rowley v. McMillan*, 502 F.2d 1326, 1332-33 (4th Cir. 1974);  *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, 247 F. Supp. 2d 987, 999 (N.D. Ill. 2002) ("An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Naperville v. Pachaly*, 902 F.Supp. 156, 157 (N.D. Ill. 1995); *Keefe*, 6 F.R.D. at 13. Rather, if the defense existed prior to the amendment, it should have been raised against the original complaint.  *Keefe*, 6 F.R.D. at 13.  *Accord Integrated Molding Concepts, Inc. v. Stopol Auctions LLC*, No. 06-5015, 2007 WL 2263927, at *3 (D. Minn. Aug. 6, 2007) (denying motion to dismiss based on improper venue because the argument was not raised in the initial motion and therefore was waived).  *Contra Smith v. Nicholson Universal S.S. Co.*, 42 F. Supp. 1001, 1001 (W.D.N.Y. 1941) (allowing defendant to challenge the amended complaint on improper venue based on defendant's right to answer the amended complaint).

Here, Defendants' right to assert the failure to state a claim defense arose at the time of the original complaint.  This point is illustrated by the fact that Plaintiffs amended their original complaint to address Rule 9(b) issues brought by other defendants through a prior motion to dismiss for failure to state a claim.  However, Defendants did not assert the available defense against the original complaint.  Instead, Defendants answered the original complaint without asserting the defense, and waited until after Plaintiffs filed an amended complaint to launch the defense.

Though the amended complaint contains "new matter," it is not the type of "new matter" that revives Defendants' right to file a post-answer motion to dismiss.  The amendment added new and specific fraud allegations to bolster Plaintiffs' previously asserted fraud claims against each of the defendants.  The new matter did not create a new basis on which to assert the failure to state a claim defense that did not previously exist.  Defendants should have raised the defense in a motion to dismiss the original complaint.  As a result, Defendants' motion to dismiss is untimely.  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (holding that the Rule 12(b)(6) motion that followed an answer was untimely).  *Accord Keefe*, 6 F.R.D. at 13 (holding that a motion to dismiss was untimely when the defense "existed at the beginning of the case," but was not raised).

## 2.  No Waiver

Though Defendants' motion to dismiss is untimely, Defendants have not waived the failure to state a claim defense.  It is useful to examine the related subdivisions of (g) and (h) of Rule 12.

Rule 12(g) "bars successive . . . motions to dismiss."  *Stoffels v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006).  FED. R. BANKR. P. 7012(g)(2) (prohibiting making another Rule 12 motion with a defense that was previously available but omitted from an earlier Rule 12 motion).  The purpose behind Rule 12(g) is to consolidate motion practice and prevent unnecessary delay.  *Stoffels*, 430 F. Supp. 2d at 647.  The failure to consolidate available defenses in one motion to dismiss generally constitutes waivers of the defenses.  FED. R. BANKR. P. 7012(h)(1); 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1390-91 (3d ed. 2004).

Here, Defendants have not filed successive motions to dismiss such that Rule 12(g) bars

the present motion.  However, one would think that the principle behind Rule 12(g)'s waiver rule still applies.  Under Rule 12(g), a motion to dismiss should contain all available defenses. Consolidation of defenses prevents undue delay and encourages judicial efficiency.  Likewise, under Rule 12(b), a motion to dismiss must be filed before an answer.  Otherwise, the motion would be untimely.  Thus, logic would seem to indicate that the defense of failure to state a claim would be waived if it is not asserted in an initial or a timely motion to dismiss.

However, Rule 12(g) does not operate to waive the failure to state a claim defense.[3] Rather, the defense is particularly preserved from the waiver rule under Rules 12(g)(2) and (h)(2).  FED. R. BANKR. P. 7012(g)(2) ("Except as provided in Rule 12(h)(2) . . . ."); FED. R. BANKR. P. 7012(h)(2) (allowing the failure to state a claim defense to be raised in other ways than in a motion to dismiss).  *See also* FED. R. BANKR. P. 7012(h)(1) (excluding the failure to state a claim defense from Rule 12(g)(2) waiver; 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § § 1392 (3d ed. 2004).  It "is a nonwaivable defect and can be raised any time."  SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:1999 (9th Cir. ed., The Rutter Group 2008) (citing FED. R. CIV. P. 12(h)(2)).  The reason is because the failure to state a claim defense is "so fundamental."  *2* JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.23 (3d ed. 2009).  *See also* FED. R. CIV. P. 12 advisory committee's note to 1966 amendment to subdivision (h) ("The more substantial defense[] of failure to state a claim upon which relief can be granted . . . [is] expressly preserved against waiver by amended subdivision (h)(2) and (3).").  Consequently, though Defendants have filed an untimely motion to dismiss for failure to state a claim, Defendants' delay cannot constitute a waiver of the defense.  *See also Trachsel v. Buchholz*, No. C-08-02248(RMV), 2009 U.S. Dist.

---

[3] Rule 12(g) would still bar successive motions to dismiss for failure to state a claim.  *Stoffels v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1385 (1969)).

LEXIS 4219, at *5 (N.D. Cal. Jan. 9, 2009) (finding no waiver where defendant failed to raise the defense against the original complaint, and when he did, it was untimely with respect to the amended complaint).

**3.  Ready for Review**

As previously discussed, the failure to state a claim defense may be raised other than in a motion to dismiss.  Rule 12(h)(2) provides that the defense may be raised:  "(A)  in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); (C) at trial."  FED. R. BANKR. P. 7012(h)(2).

A motion for judgment on the pleadings is described as a motion that is filed "after the pleadings are closed—but early enough not to delay trial."  FED. R. BANKR. P. 7012(c).

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004).  *See* FED. R. BANKR. P. 7007(a).  Implicitly, defendant may not move under Rule 12(c) prior to filing an answer.  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004).  "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and a motion pursuant to Rule 12(c) is a matter of timing."  *Yanes v. Minute Maid Co.*, No. 02-2712 (MLC), 2006 U.S. Dist. LEXIS 25974, at *4 (D.N.J. May 3, 2006).  When Rule 12(c) is used to assert the defense of failure to state a claim upon which relief can be granted pursuant to Rule 12(h)(2), "it is merely serving as an auxiliary or supplementary procedural device to determine that sufficiency of the case before proceeding any further and

investing additional resources in it."   5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004).

The present motion to dismiss was filed after Defendants answered the original complaint but before Defendants answered the amended complaint.  As a result, at the time the motion was filed, pleadings had not closed.[4]  Furthermore, the other defendants in the lawsuit had not filed their answers yet.  Thus, but for Defendants' answer to the original complaint, the present motion would be simply a pre-answer motion to dismiss.  Instead, as discussed above, it is an untimely motion to dismiss.  The procedural posture of this motion is problematic, but not unique.  The situation has arisen before.

Some courts have found that when a party brings the defense of failure to state a claim by motion after an answer, the motion is one under Rule 12(c) rather than one under Rule 12(b)(6)  *See e.g. Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986); *Jenkins v. Allied Interstate, Inc.*, No. 5:08-CV-125-DCK, 2009 U.S. Dist. LEXIS 94183, at *6 (W.D.N.C. Sept. 25, 2009); *Kozloski v. Am. Tissue Servs. Found.*, 2006 U.S. Dist. LEXIS 95435, No. 06-0295(DSD/JJG), at *6-*7 (D. Minn., Dec. 12, 2006); *Ketterman v. City of N.Y.*, 2001 U.S. Dist. LEXIS 6979, No. 00 Civ. 1678(NRB), at *14 (S.D.N.Y. May 30, 2001); *Pine v. Shell Oil Co.*, 1993 U.S. Dist. LEXIS 21043, No. 92-0346B, at *2,*5 (D.R.I., Aug 23, 1993).  *See also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004).  Other courts have allowed such a motion pursuant to Rule 12(b)(6) when it is filed before a defendant answered the amended complaint.  *See Wright v. Int'l Bus. Mach. Corp.*, 796 F. Supp. 1120, 1124 (N.D. Ill. 1992).

---

[4] The Court notes that Defendants' original answer contained cross claims against defendant Amway.  Those cross claims were dismissed (docket nos. 22 56) prior to the filing of both Plaintiffs' amended complaint and the present motion to dismiss.  As a result, those cross claims are not relevant to decide when pleadings closed.

Though the Court is tempted to convert the present motion to dismiss into a motion for judgment on the pleadings, pleadings were not closed when the motion was filed. Therefore, the motion cannot be properly called a motion for judgment on the pleadings. *Cf. Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (upholding a district court's conversion of a Rule 12(b)(6) motion to a Rule 12(c) motion when it was filed after an answer and when pleadings were closed).

In *Norflet*, the defendant filed a motion to dismiss after the plaintiff amended the complaint. *Norflet v. John Hancock Fin. Servs., Inc.*, 422 F. Supp. 2d 346, 350 (D. Conn. 2006). However, the defendant in *Norflet* had previously answered the original complaint, like Defendants here. *Id.* Faced with such a procedural posture, the *Norflet* court refrained from construing the motion as one under Rule 12(b)(6) or one under Rule 12(c). *Id.* Instead, the court concluded that both motions carried identical analyses under the same standard of review and proceeded with the examination. *Id.*

Like the *Norflet* court, the Court deems that the present motion is ready to review despite the procedural technicalities. Rule 12(h)(2) preserves Defendants' failure to state a claim defense from waiver and allows it to be raised before trial. FED. R. BANKR. P. 7012(h)(2).

Furthermore, Rule 12(h)(2) provides that the "defense of failure to state a claim upon which relief can be granted . . . can be made in any pleading permitted . . . under Rule 7(a)." FED. R. BANKR. P. 7012(h)(2). Rule 7(a), in turn, defines "pleadings" as, among other things, "an answer to a complaint." FED. R. BANKR. P. 7007(a). Defendants have asserted the defense of failure to state a claim in their answer to the amended complaint, which is allowed. *Coyne v. City of Somerville*, 972 F.2d 440, 446 (1st Cir. 1992). Thus, even if consideration of the defense

is not before the Court in a motion for judgment on the pleadings, it is before the Court in the Defendants' answer to the amended complaint pursuant to Rule 12(h)(2).

Finally, consideration of Defendants' failure to state a claim defense as asserted in Defendants' motion would resolve the inevitable. Otherwise, the Court would only delay what is a necessary stage in the proceeding. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 368 (2007) (holding that § 105 "authorize[d] an immediate denial of a motion to convert filed under § 706(a) [of the Bankruptcy Code] in lieu of a conversion order that *merely postponed* the allowance of equivalent relief . . . ." (emphasis provided)).

## 4. Standard of Review

The standard of review is the same when the defense is asserted in a motion to dismiss or in a motion for judgment on the pleadings. *Doe v. MySpace Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). *Accord Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n.3 (1st Cir. 2009); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Ades & Berg Group Investors v. Breeden* (*In re Ades & Berg Group Investors*), 550 F.3d 240, 234 n.4 (2d Cir. 2008); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 737 (9th Cir. 2008); *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Turbe v. Gov't of V.I.,* 938 F.2d 427, 428 (3d Cir. 1991); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted). To avoid a dismissal for failure to state a claim, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v.*

*DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations and citations omitted).

A motion under Rule 12(b)(6) will be treated as one for summary judgment under Rule 56 when matters outside the pleadings are presented and not excluded by the Court. FED. R. CIV. P. 12(d); FED. R. BANKR. P. 7012(b). Under Rule 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." FED. R.CIV. P. 56(e); FED. R. BANKR. P. 7056.

## 5.  Fraud Claims

A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) requires the circumstances constituting fraud to be pled with "particularity." FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009. Under Rule 9(b)'s particularity requirement, the party asserting the fraud claim must allege "the existence of acts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (citing *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993)); *see also Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("[T]he Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."). "At a minimum, [Rule 9(b)] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). The defendant's state of mind, however, may be

generally alleged. *See e.g. Collmer v. U.S. Liquids, Inc.*, 268 F. Supp. 2d 718, 723 (S.D. Tex. 2003).

Rule 9(b)'s application is flexible and influenced by the circumstances of the case. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993).

> [T]he focus of a [Rule] 9(b) inquiry should be whether, "given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b). The rule has three purposes. First, to ensure that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense. Second, it eliminates those complaints filed 'as a pretext for discovery of unknown wrongs.' . . . Third, Rule 9(b) seeks to protect defendants from unfounded charges of wrongdoing which inquire their reputations and goodwill."

*Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 704 (S.D. Tex. 2004) (quoting *Mitchell Energy Corp. v. Martin*, 616 F.Supp. 924, 927 (S.D. Tex. 1985) (citations omitted)).

Plaintiffs have alleged sufficient facts showing fraud under Rule 9(b).  Plaintiffs state the following:

1. Amway introduced an arbitration program in the Fall of 1997 in anticipation of lawsuits between Plaintiffs and Amway over a request for a change in "up-line" leadership, commissions, ADA, and other matters.

2. Amway selected JAMS to administer its program. Plaintiffs were told JAMS independently created the roster of neutral arbitrators and that arbitration would be fair, economical, and beneficial to Plaintiffs.

3. Though Plaintiffs objected, the District Court in the underlying lawsuit compelled arbitration. Plaintiffs' picked Anne Gifford to be the arbitrator out of a list of eight, all of whom were part of the Amway JAMS program.

4. Ms. Gifford arbitrated and found in favor of Amway.

5. After arbitration, Plaintiffs discovered that Amway concealed the true fraudulent nature of the arbitration program and misrepresented that JAMS and its arbitrator were neutral parties to arbitration.

a. John Pierce and Bill Abraham, among others, found prospective arbitrators around the country that they reviewed and culled.

b. Amway invited fifteen prospective arbitrators out of a list of several hundred for the final cut and training. The training was recorded and video-taped.

c. Videos from discovery show that training was an indoctrination session and not simply training with respect to Amway's culture and system.

d. With respect to Ms. Gifford, she was shown ex parte videotaped presentations from five named Defendants. Victor and lead defense counsel, John Pierce, also privately met and interviewed Gifford for two hours, off camera, as her final interview session. Victor trained Ms. Gifford on the application of substantive law to facts in Amway cases. At least one example discussed during Ms. Gifford's training mirrored the facts of the underlying dispute.

e. JAMS provided affidavits in support of Amway motions to compel, in violation of JAMS' own ethics rules that bar JAMS agents from serving as witnesses in pending cases.

After describing the alleged fraudulent arbitration scheme, Plaintiffs specifically allege

the following:

1. With respect to Haugen:

a. Haugen was on the Board of Directors of the ADA.  As a board member, he was consulted on and involved in the development of the arbitration scheme.

b. Through direct or implied representations or by omission, Haugen made the same representations as Amway.[5]

2. With respect to Sims:

a. Sims was also on the Board of Directors of the ADA.  As a board member, he was consulted on and involved in the development of the arbitration scheme.

---

[5] Amway represented that:  (1) the arbitration scheme was designed to be a fair and reasonable alternative to other dispute resolution method; (2) the arbitration scheme would benefit individual distributors, and was developed by the ADA to ensure fairness and to represent the interests of distributors; (3) Victor would not be involved in the dispute resolution procedures as it related to Plaintiffs; (4) the list of prospective arbitrators was created by and reflects the selections of JAMS, a neutral dispute resolution provider; (5) Amway's training would only be cultural and only be in terms of being placed on the list of prospective arbitrators; (6) the arbitrators would conduct themselves in any manner that would not evoke bias and would have no relationships with any parties or counsel prior to an arbitration; (7) all JAMS-selected arbitrators would have an obligation to disclose any information that might affect their neutrality; (8) the ordinary rules and procedures for JAMS would be applied to the administration of the Amway arbitration plan; and (9) the law of Michigan would be fairly applied by JAMS and the arbitrator.

13 / 14

    b.   Through direct or implied representations or by omission, Haugen made the same representations as Amway, as discussed above.

3.  With respect to Wilson:

    a.   Wilson was president of the ADA during the creation and development of the arbitration scheme.  As president, he was informed and involved in development the scheme.

    b.   Through direct and implied representations or by omission, Wilson made the same representations as Amway, as discussed above.

Defendants simply incorporate the arguments made by Amway in Amway's motion to dismiss.  Consequently, Defendants have not specifically addressed how and why Plaintiffs' allegations are insufficient under Rule 9(b).

As the Court previously held in its October 26, 2009 memorandum opinion and incorporated here, Plaintiffs have alleged the "who," "what," "where," "when," and "how" of the fraud.  Plaintiffs have alleged how Defendants were involved in the arbitration scheme, enabling Defendants to respond and defend, which they have.  Plaintiffs' descriptions assert factual scenarios and relationships that support Defendants' involvement.  The scheme was developed, organized, and carried out by Defendants.  Because Plaintiffs have overcome their Rule 9(b) burden, the Court denies Defendants' motion.

### Conclusion

The Court denies Defendants' motion.  The Court will issue a separate order.

SIGNED **December 17, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

14 / 14